# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA SAMEER ABUSHAMA, BOP # A055-193-517,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPT. OF HOMELAND SECURITY,<br><br>Defendant. | Civil No. 10-0448 MMA (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>[Doc. No. 5] |

Issa Sameer Abushama ("Plaintiff"), currently detained at a U.S. Department of Homeland Security Immigration and Customs Enforcement facility in Miami, Florida, is proceeding *pro se* and has initiated this civil action pursuant to 42 U.S.C. § 1983.

At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On April 1, 2010, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* April 1, 2010 Order [Doc. No. 3]. Plaintiff, however, was granted 45 days leave to amend his pleading. *Id.* at 7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court

/ / /

1  should grant leave to amend even if no request to amend the pleading was made, unless it
2  determines that the pleading could not possibly be cured.") (citations omitted).)
3    On May 20, 2010, Plaintiff submitted a Motion requesting an extension of time in
4  which to file his Amended Complaint [Doc. No. 5]. Plaintiff asserts he has a medical
5  condition which limits his ability to access the law library or legal staff at the facility where
6  he is detained. (*See* Pl.'s Mot. at 1.)

## I.

### STANDARD OF REVIEW

9    This is Plaintiff's first request for an extension of time, he is proceeding without
10 counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
11 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a
12 hearing on the merits of their claim due to . . . technical procedural requirements."). Thus,
13 the Court finds good cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be
14 insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent
15 timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.
16 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v.*
17 *King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's
18 amended pro se complaint as untimely where mere 30-day delay was result of prison-wide
19 lockdown).

## II.

### CONCLUSION AND ORDER

22   Accordingly, the Court hereby:
23   1) **GRANTS** Plaintiff's Motion to Extend Time to file an Amended Complaint
24 [Doc. No. 5]. Plaintiff's Amended Complaint, should he elect to file one, must be received
25 by the Court no later than **Monday, July 12, 2010.** Moreover, Plaintiff is cautioned that his
26 Amended Complaint must address the deficiencies of pleading previously identified in the
27 Court's April 1, 2010 Order [Doc. No. 3], and must be complete in itself without reference to
28 / / /

1 | his original pleading.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*
2 | *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); and
3 |         2)      **NOTIFIES** Plaintiff that if he chooses *not* to file a Amended Complaint by July
4 | 12, 2010, the Court shall enter a final Order of Dismissal in this matter for failing to state a
5 | claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and for failing to comply with a
6 | Court Order.
7 |         **IT IS SO ORDERED.**

DATED:  June 1, 2010

Hon. Michael M. Anello
United States District Judge