**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISSA SAMEER ABUSHAMA,<br>BOP #A055-193-517,<br><br>  Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Civil No.   10-0448 MMA (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL [Doc. No. 7]; and**<br><br>**(2) SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br> **28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

**I.**

**PROCEDURAL HISTORY**

On February 26, 2010, Plaintiff Issa Sameer Abushama, an inmate currently incarcerated at Krome Service Processing Center in Miami, Florida, filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. On April 1, 2010, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously sua sponte dismissed his First Amended Complaint for failing to state a claim, pursuant to 28 U.S.§ 1915(e)(2) & 1915A(b). *See* Apr. 1, 2010 Order at 6-7. The Court also noted that Plaintiff's action actually arises under *Bivens v. Six Unknown*

*Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) as Plaintiff was seeking to hold federal actors, rather than state actors, liable for the alleged constitutional violations. *Id.* at 4. Plaintiff filed his First Amended Complaint on July 20, 2010, along with a Motion for Appointment of Counsel [Doc. No. 7].

## II.

### MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 7]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Because neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time, the Court **DENIES** Plaintiff's request without prejudice. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SUA SPONTE SCREENING per 28 U.S.C. § 1915(e)(2) and § 1915A

**A. Standard**

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP, and by those like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

*See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### B.     Respondeat Superior

In this matter, Plaintiff seeks to hold Eric Holder, the Attorney General for the United States, Janet Napolitano, the Secretary of the United States Department of Homeland Security and Fred Lawrence, Warden of CCA San Diego Correctional Facility liable for the alleged violation of his constitutional rights while he was housed at the East Mesa Detention Facility.  (*See* FAC at 2.)

To the extent Plaintiff is seeking to hold Defendants Holder, Napolitano and Lawrence liable in their supervisory capacities, his claims must be dismissed. *Bivens*, like § 1983, does not authorize suits predicated on a respondeat superior theory. *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991). "Absent vicarious liability, each Government official, his or her title notwithstanding , is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisors may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent they personally participated in or directed the Defendants' actions, and (2) that they failed to prevent a violation of Plaintiff's Constitutional rights. *Taylor,* 880 F.2d at 1045.

Accordingly, Plaintiff's claims against Defendants Holder, Napolitano and Lawrence based on supervisor liability are **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.

### C. Access to Courts

In his First Amended Complaint, Plaintiff alleges that he was denied adequate access to the prison's law library while he was housed at the East Mesa Detention Facility. (*See* FAC at 3.) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either a criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351. Here, Plaintiff only alleges he was unable to withdraw his guilty plea. (*See* FAC at 3.) These bare allegations are insufficient to meet the standard as set forth in *Christopher* which requires a description of the underlying cause of action.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore,

Plaintiff's access to courts claims must be **DISMISSED** for failing to state a claim upon which relief may be granted.

### D. Sixth Amendment

Plaintiff also claims that his Sixth Amendment rights were violated when he was unable to make "confidential phone calls to his lawyers." (FAC at 3.) As a result, Plaintiff alleges that he was unable to "discuss and talk free with his lawyer about his criminal convictions." (*Id.*) However, mere allegations of government intrusion of the attorney client privilege "is not sufficient by itself to cause a Sixth Amendment violation." *U.S. v. Hernandez,* 937 F.2d 1490, 1493 (9th Cir. 1991). Rather the Plaintiff must allege and later demonstrate that he was actually prejudiced by these actions, which he fails to do. *Id.* Accordingly, Plaintiff's Sixth Amendment claims are **DISMISSED** for failing to state a claim.

### E. Eighth Amendment Failure to Protect

Plaintiff also alleges that he was attacked by other inmates on February 10, 2009. (*See* FAC at 5.) The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, while Plaintiff identifies a serious risk to his safety, he fails to adequately allege with any specificity how the *individual* Defendants would have known that there was a serious risk of harm. Plaintiff does appear to allege that he was assaulted by other inmates but he does not allege any facts from which the Court could find that he has adequately alleged that any of the individual officers knew that another inmate would cause him serious harm.

Accordingly, as currently pled, Plaintiff has failed to show that any Defendant acted with conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury). Thus, Plaintiff's Eighth Amendment failure to protect claims are **DISMISSED** for failing to state a claim upon which relief can be granted.

### F. Fourteenth Amendment claims

Plaintiff also alleges that his constitutional rights were violated when he was transferred to a prison that was "more than a three hundred mile from his residency and Attorney without his consent" in violation of his Fourteenth Amendment rights. (FAC at 6.) Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *See Olim v. Wakinekona,* 461 U.S. 238, 244-50 (1983); *Meachum*, 427 U.S. at 224; *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). Thus, Plaintiff's Fourteenth Amendment due process claims relating to the changes in his classification, are **DISMISSED** for failing to state a claim upon which relief can be granted.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his second amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

/ / /

/ / /

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 7] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: August 13, 2010

Hon. Michael M. Anello
United States District Judge